**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMANDA CIGANIK, | ) | |
| | ) | CASE NO. 2:09-cv-00621 |
| Plaintiff, | ) | |
| | ) | JUDGE WILLIAM L. STANDISH |
| v. | ) | |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP | ) | **DEFENDANT GC SERVICES** |
| | ) | **LIMITED PARTNERSHIP'S** |
| | ) | **ANSWER TO PLAINTIFF'S** |
| Defendant. | ) | **COMPLAINT** |

---

Now comes Defendant GC Services Limited Partnership ("Defendant"), by counsel, and provides as follows for its Answer to Plaintiff Amanda Ciganik's ("Plaintiff") Complaint ("Complaint"):

**FIRST DEFENSE**

1.  Admitted that this Court has jurisdiction over Plaintiff's federal law claims.

2.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore denies said allegations.

3.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore denies said allegations.

4.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore denies said allegations.

1

5.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint because "collection agency' is not defined, and therefore denies said allegations.

6.    Admitted that under certain circumstances, Defendant may be a "debt collector" as that term is defined in the Fair Debt Collection Practices Act.  All other allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies said allegations.

8.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore denies said allegations.

9.    Admitted that on December 13, 2008, Defendant contacted Plaintiff regarding her account.  All other allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10.    Admitted that on December 17, 2008, Defendant contacted Plaintiff regarding her account.  All other allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore denies said allegations.

12.     Admitted that on December 19, 2008, Defendant contacted Plaintiff regarding her account.  All other allegations contained in paragraph 12 of Plaintiff's Complaint are denied.

13.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore denies said allegations.

14.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint, and therefore denies said allegations.

15.     All allegations incorporated by reference in paragraph 15 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

16.     Denied.

17.     Denied.

18.     Denied.

19.     All other allegations of the Complaint not otherwise specifically admitted or denied herein are denied.

## ADDITIONAL DEFENSES

1.     Plaintiff failed to mitigate any damages which she may have suffered.

2.     Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3.     Plaintiff failed to state a claim upon which relief can be granted.

4.      At all pertinent times, Defendant acted in good faith reliance on the information provided

by the creditor or original creditor of the account.

5.      Defendant acted in good faith at all times.

6.      Defendant did not make any false or misleading representation to Plaintiff or anyone else.

7.      Plaintiff did not justifiably rely upon any alleged false or misleading representation.

8.      Defendant did not engage in any unfair or unconscionable practices.

9.      Defendant reserves the right to assert additional defenses based upon information that it

may discover through its own investigation or that it may obtain during the discovery

process.


WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at

Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for

under applicable law.

                              Respectfully submitted,


                              /s/Robert J. Hannen
                              Robert J. Hannen, Esq.
                              PA I.D. No. 63432
                              rhannen@thorpreed.com
                              Mackenzie A. Baird, Esq.
                              PA I.D. No. 205687
                              mbaird@thorpreed.com
                              Thorp Reed & Armstrong, LLP
                              One Oxford Centre
                              301 Grant Street, 14th Floor
                              Pittsburgh, PA   15219-1425
                              412-394-7711
                              FAX 412-394-2555

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Defendant GC Services Answer to Plaintiff's Complaint was filed on July 7, 2009, via the Court Clerk's CM/ECF system which will send notice of the same to the following:

Jeffrey L. Suher, Esquire
4328 Old Wm. Penn Hwy., Ste. 2J
Monroeville, PA, 15146
lawfirm@jeffcanhelp
*Attorney for Plaintiff*

/s/ Robert J. Hannen