IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMANDA CIGANIK                                               Civil Action No. 09-621- WLS

        Plaintiff,
vs.

GC SERVICES LP

        Defendant.

## AMENDED COMPLAINT

## INTRODUCTION

1. Plaintiff Amanda Ciganik brings this action to secure redress from unlawful collection practices engaged in by defendant. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and related common law claims.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

3. Defendant engaged in unlawful and abusive acts directed towards Plaintiff, including: 1) unlawful communications with a third party, and 2) engaging in false, deceptive and misleading statements, all in an attempt to collect a debt.

4. On information and belief, Defendant has a pattern and practice of abusive, and unlawful collection practices as detailed below thereby warranting the imposition of punitive damages.

## VENUE & JURISDICTION

5. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §§ 1331, 1337 and 1367.

6. Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received within this District and Defendant transacts business within this District.

## PARTIES

7. Plaintiff Amanda Ciganik is an adult individual residing in the Western District of Pennsylvania.

8. Defendant GC Services, LP, is a limited partnership with offices located at 6330 Gulfton Street, Houston, Texas 77081. It does business in Pennsylvania.

9. GC Services, LP is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. GC Services, LP is a debt collector under the FDCPA.

## FACTS

11. Defendant attempted to collect from plaintiff a debt incurred for personal, family or household purposes and not for business purposes.

12. Plaintiff Amanda Ciganik is married to John Ciganik.

13. Amanda Ciganik's maiden name is Meneo.

14. On December 13, 2008 at 11:45 am, the following message was left on John Ciganik's cell phone:

> **Hi. This message is for Amanda Meneo or John the third. My name is Lamont Davenport. When you get this message I need one of you guys to give me a call immediately. My number is 858-577-3613. That's 858-577-3613.**

15. On December 17, 2008 at 1:35 pm, the following message was left on Amanda Ciganik's cell phone:

> **Hi. This message is for Amanda Meneo or John the third. My name is Lamont Davenport. I need one of you guys to give me a call when you get this message. I have really important news for you. My number is 858-577-3613. That's 858-577-3613.**

16. On December 19, 2008 at 8:07 am, the following message was left on Amanda Ciganik's cell phone:

> **Hey Amanda Meneo. This is Lamont Davenport. Look, I've been calling you leaving you messages. You're not returning the calls. I'm really trying to help you out here, but you are approaching the deadline. My number is 858-577-3613. That's 858-577-3613.**

17. On or about December 22, 2008, the following message was left for Amanda and John Ciganik:

> **Hi Amanda Meneo. I need you or John the third to give me a call back. I have excellent news for the both of you guys. My number is 858-577-3613. That's 858-577-3613.**

18. The number 858-577-3613 is issued to defendant GC Services, LP.

19. The calls did not identify the company calling or state that the calls were for debt collection purposes.

20. On information and belief, defendant has a standard policy and practice of leaving telephone messages that do not identify the company calling or state that the call is for collection purposes.

21. Defendant telephoned Amanda Ciganik's father and step-mother on December 13, 2008 at 11:42 am, December 17, 2008 at 1:33 pm, December 19, 2008 at 8:05 am, December 24, 2008 at 8:11 am, December 24, 2008 at 9:33 am, December 27, 2008 at 8:38 am and December 29, 2008 at 8:04 am.

22. On information and belief, Defendant placed additional phone calls to Amanda Ciganik's father and stepmother.

23. Defendant was advised that Amanda Ciganik did not live with her father and stepmother. Despite this knowledge, Defendant continued to call Amanda Ciganik's father and stepmother even after communicating with John Ciganik.

24. Defendant left at least one message on the answering machine belonging to Amanda Ciganik's father and stepmother.   Each message left is a "communication" within the meaning of 15 U.S.C. § 1692c(b).

25. Defendant provided their phone number to Amanda Ciganik's stepmother in connection with the collection of a debt.  Providing a telephone number exceeds a request for location information.

## COUNT I – FDCPA

26. Plaintiff incorporates paragraphs 1 -25.

27. Defendant's telephone messages violate 15 U.S.C. §§ 1692e, 1692e(11) and 1692d(6).

28. Each telephone message is a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F. Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp.2d 1104, 1112, 1118 (C.D. Cal. 2005); *Joseph v. J.J. MacIntyre Cos.*, 281 F. Supp. 2d 1156 (N.D. Cal. 2003); *Stinson v. Asset Acceptance, LLC*, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va. June 12, 2006); *Belin v. Litton Loan Servicing, LP*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006).

29. The telephone messages violate 15 U.S.C. §§ 1692d(6), 1692e and 1692e(11) because:

    a. The messages do not contain the warning required by 15 U.S.C. § 1692e(11).

    b. The messages do not identify the defendant GC Services, LP.

30. 15 U.S.C. § 1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

31. Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use and false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …**

> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication wit h the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action….**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other and further relief as the Court deems proper.

**COUNT II – FDCPA**

32. Plaintiff incorporates paragraphs 1 through 31.

33. The telephone calls to Amanda Ciganik's father and stepmother violate 15 U.S.C. § §1692c(b), 1692b(1), and 1692b(3).

34. 15 U.S.C. § 1692c(b) limits third-party contacts. This restriction protects the consumer's right to privacy and the security of the consumer's relationships with third parties. This provision's strict limitations on third party contacts make it one of the FDCPA's most important protections. According to the Senate report:

> **[T] His legislation adopts an extremely important protection … it prohibits disclosing the consumer's personal affairs to third persons. Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as loss of jobs.**

S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696.

35. Except for closely regulated efforts to locate a consumer, a debt collector may not communicate with a consumer's relatives (except the spouse) unless the debt collector has the consumer's direct prior consent, with court permission, or to effect a post-judgment judicial remedy.

36. The phone calls to Amanda Ciganik's parents violate 15 U.S.C. § 1692c(b) because:

    a. The contact exceeds location information.

    b. The defendant communicated, in connection with the collection of a debt, with Amanda Ciganik's father and stepmother without Amanda Ciganik's prior consent, express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy.

   c. The defendant was not communicating with Amanda Ciganik's father and stepmother for the purpose of acquiring location information.

 37. 15 U.S.C. §1692b (1) requires a debt collector to "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer."

 38. 15 U.S.C. § 1692b(2) makes it illegal for a debt collector to communicate with any person other than the consumer for the purpose of acquiring location information about the consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

 39. The phone calls to Amanda Ciganik's father and stepmother violate 15 U.S.C. §§ 1692(b)(1) and 1692(b)(2) because:

   a. The collector did not state he was confirming or correcting location information.

   b. The collector communicated more than once with Amanda Ciganik's father and stepmother even though the collector was not requested to do so and was told Amanda Ciganik did not live at that address.

 40. As a result of Defendant's illegal collection activities, Plaintiff suffered emotional distress, anxiety, anger, embarrassment, humiliation and unjustified invasions of privacy.

 WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      a.      Statutory damages;

      b.      Compensatory damages;

      c.      Attorney's fees, litigation expenses and costs of suit;

      d.      Such other and further relief as the Court deems proper.

## COUNT III – FDCPA

41.      Plaintiff incorporates paragraphs 1 through 40.

42.      The messages detailed above violate 15 U.S.C. §§ 1692e and 1692e(10) because:

      a.      They create a false sense of urgency in that the message states, "Give me a call immediately" and "You are approaching the deadline."

      b.      They are false, deceptive or misleading in that the message states, "I have really important news for you" and " I have excellent news for the both of you guys."

43.      As a result of Defendant's illegal collection activities, Plaintiff suffered emotional distress, anxiety, anger and unjustified invasions of privacy.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      a.      Statutory damages;

      b.      Compensatory damages;

      c.      Attorney's fees, litigation expenses and costs of suit;

      d.      Such other and further relief as the Court deems proper.

## COUNT IV – NEGLIGENCE PER SE

44. Plaintiff incorporates paragraphs 1 through 43.

45. Defendant violated a statute, namely the Pennsylvania Fair Credit Extension Uniformity Act and the Fair Debt Collection Practices Act.

46. Defendant's violation proximately caused injury to Plaintiff.

47. Plaintiff's injury resulted from an occurrence the nature of which the statute was designed to prevent.

48. Plaintiff is one of the class of persons for whose protection the statute was adopted.

49. Defendant's conduct as detailed above is malicious, wanton, willful, and oppressive or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    a. Compensatory damages;

    b. Punitive damages;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other and further relief as the Court deems proper.

### **COUNT V – NEGLIGENCE**

50. Plaintiff incorporates paragraphs 1 through 49.

51. Defendants was negligent in its collection of the debt.

52. Plaintiff was harmed and suffered injury as described above.

53. Defendant's negligence was a substantial factor in causing Plaintiff's harm.

54. The Defendant had a duty to ensure that its collection actions were directed to the correct person.

55. Upon information and belief, Defendant's collectors are asked to make a minimum number of phone calls per day. As a result, the collectors do not take the time necessary to ensure that their collection actions are directed to the correct person.

56. Defendant is negligent for one of the following errors or omissions: failure to use reasonable care in administering accounts and debt collection activities and failing to use reasonable care in ensuring they had the correct phone number and address for Amanda Ciganik.

57. Defendant's conduct as detailed above is malicious, wanton, willful, and oppressive or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    a. Compensatory damages;

    b. Punitive damages;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other and further relief as the Court deems proper.


Respectfully Submitted

JEFFREY L. SUHER, P.C.


/s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire

Pa. I.D. #74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
412-374-9005
412-374-0799 (fax)
lawfirm@jeffcanhelp.com

JURY TRIAL DEMANDED